**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JOSHUA JARED JONES, #63582,**      ) | |
| ) | |
| **Plaintiff,**    ) | |
| ) | |
| **vs.**                               ) | **Case No. 13-cv-01164-JPG** |
| ) | |
| **MADISON COUNTY JAIL,**        ) | |
| *Medical staff,*                           ) | |
| ) | |
| **Defendants.**    ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Joshua Jones, who is currently being held at Madison County Jail ("the Jail"), brings this action pursuant to 42 U.S.C. § 1983 (Doc. 1). In the complaint, Plaintiff claims that the Jail and its medical staff denied Plaintiff treatment for a brain hemorrhage. Plaintiff now sues the Jail and its medical staff for compensatory damages.

## The Complaint

Prior to his detention at the Jail, Plaintiff sustained unspecified, severe head injuries (Doc. 1, p. 4). In late August 2013, he was diagnosed with a brain hemorrhage at Barnes-Jewish Hospital. Hospital medical staff recommended treatment. Plaintiff became scared after hearing details about the recommended procedure and left the hospital. He did so against the advice of his care providers. Since that time, Plaintiff has been "spaced out" (Doc. 1, p. 4).

On October 9, 2013, Plaintiff was sentenced to two years of imprisonment in the Illinois Department of Corrections. He was ordered to report for this commitment on October 21, 2013. When he failed to do so, Plaintiff was arrested on October 22, 2013. He has since been held on escape charges at the Jail.

1

Plaintiff immediately made Jail staff aware of his medical condition and his need for prompt treatment.  Jail medical staff ordered Plaintiff's medical records from Barnes-Jewish and confirmed Plaintiff's claim.  Even so, they failed to take any steps to treat him.  They did not schedule an appointment for Plaintiff with a Jail doctor.  They ignored Plaintiff's daily sick call requests for treatment.  Plaintiff's informal and formal grievances were ignored.  As of the date Plaintiff filed this complaint, he had already endured seventeen days without treatment during his detention at the Jail, while suffering from pain and pressure in his brain.

According to the complaint, Plaintiff "should have been rushed to the hospital with a hemroging [sic] brain" (Doc. 1, p. 5).  Barnes-Jewish personnel continue to call Plaintiff's house and urge his family to have Plaintiff treated.  They have warned Plaintiff's family that permanent brain damage or even death is possible.  Plaintiff now seeks compensatory damages from the Jail's medical staff for their failure to treat his condition.

## Merits Review Pursuant to 28 U.S.C. § 1915

Under 28 U.S.C. § 1915(e)(2), the Court is required to carefully review a complaint filed by a plaintiff who seeks to proceed *in forma pauperis*.  The Court must dismiss a complaint, or portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557.  Conversely, a

2

complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

Plaintiff now asserts a constitutional claim under 42 U.S.C. § 1983 against the Jail and its medical staff for failing to treat his brain hemorrhage.  After fully considering the allegations in the complaint, the Court finds it appropriate to exercise its authority under § 1915A to summarily dismiss the complaint.  However, the dismissal of Plaintiff's complaint shall be without prejudice and with leave to file an amended complaint correcting the defects set forth below.

## 1.      Suable Defendant(s)

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation."  *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  Without tying an individual defendant to specific acts, the complaint fails to establish a constitutional violation on the part of any particular defendant.

Plaintiff names Madison County Jail as one of two defendants in this action.  However, governmental entities cannot be held liable for the unconstitutional acts of employees, unless those acts are carried out pursuant to an official policy or custom.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  The complaint does not allege that any official policy or custom resulted in a constitutional deprivation.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); FED. R. CIV. P. 8(a)(2).  Therefore, the complaint fails to articulate a colorable claim against Madison County Jail.  This defendant shall be dismissed from the action with prejudice.

Further, although the complaint names the Jail's medical staff, in its entirety, as a defendant, the allegations do not identify any particular defendant, even in generic terms (e.g., "John/Jane Doe"), who deprived Plaintiff of his constitutional rights.  Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Twombly*, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2).  Where a plaintiff has not included a specific defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  Accordingly, the Jail medical staff shall be dismissed from this action without prejudice.

## 2.    Applicable Legal Standard

In addition, the complaint does not set forth sufficient allegations to determine the applicable legal standard for Plaintiff's medical claim.  Different legal standards apply to medical claims of an arrestee (Fourth Amendment), pretrial detainee (Fourteenth Amendment), and prisoner (Eighth Amendment).  The allegations in the complaint shed little light on Plaintiff's status.  The complaint does not mention the Fourth, Eighth, or Fourteenth

4

Amendment.  Although Plaintiff is not required to plead legal theories at this stage in litigation, his amended complaint should include information that, at a minimum, assists the Court in applying the proper legal standard.  *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011); *Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010); *Aaron v. Mahl*, 550 F.3d 659, 666 (7th Cir. 2008).  This information includes: (1) whether Plaintiff's arrest on October 22, 2013, was pursuant to a warrant; (2) whether Plaintiff attended a probable cause hearing following a warrantless arrest; and/or (3) when Plaintiff began serving his two-year prison sentence.

The Fourth Amendment "governs the period of confinement between arrest without a warrant and the [probable cause determination]." *Currie v. Chhabra*, 728 F.3d 626, 629 (7th Cir. 2013) (quoting *Villanova v. Abrams*, 972 F.2d 792, 797 (7th Cir. 1992)).  An "objectively reasonable" standard applies to medical care claims brought by arrestees who have not yet had a probable cause hearing.  *Id.* (citations omitted).

The Fourteenth Amendment applies to medical claims brought by a detainee, as opposed to an arrestee or a prisoner.  *See Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000).  The Eighth Amendment applies to medical claims brought by prisoners.  The Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'"  *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999)).

To state a medical claim, a detainee or prisoner must show that (1) he suffered from an objectively serious condition which created a substantial risk of harm, and (2) the defendants

were aware of that risk and intentionally disregarded it.  *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002).

At this early stage in litigation, the complaint satisfies the objective prong of this test.  A medical need is objectively "serious" if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997).  Plaintiff's unresolved brain hemorrhage was diagnosed by a physician as needing treatment in August 2013.  Plaintiff alleges that the condition was not treated, and symptoms persist.  Even a lay person could recognize the need for treatment.

The complaint does not satisfy the subjective component of this test.  To establish deliberate indifference, Plaintiff "must demonstrate that prison officials acted with a "'sufficiently culpable state of mind.'"  *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).  Officials must "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'"  *Greeno*, 414 F.3d at 653 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834).  Plaintiff is not required to establish that the officials "intended or desired the harm that transpired," but to instead show that they "knew of a substantial risk of harm . . . and disregarded it."  *Greeno*, 414 F.3d at 653.  The complaint identifies no specific defendant who was aware of Plaintiff's need for medical treatment and denied it.

**3.    Amended Complaint**

For the reasons set forth above, Plaintiff's complaint is subject to dismissal.  However, the Court considers the claim to be very serious and potentially life-threatening.  The Court is

mindful of the fact that Plaintiff is proceeding in this action *pro se*.  His pleading gaffes do not warrant dismissal of his medical claim with prejudice at this juncture.  Rather than dismiss the entire action, the Court shall allow Plaintiff one opportunity to submit an amended complaint in order to correct the deficiencies in his pleading.

Plaintiff is advised that as he prepares his amended complaint, he should follow the instructions on the Court's civil rights complaint form.  That form directs Plaintiff to state "when, where, how, and by whom" his rights were violated" (Doc. 1, p. 5).  Put simply, Plaintiff should state the facts that support his claim, including *who* specifically violated his constitutional rights and the particular actions of the individual that resulted in the violation.  As explained above, it is acceptable at this stage to refer to unknown defendants in generic terms, e.g., "John/Jane Doe."  It is also acceptable to include copies of sick call requests or grievance forms as exhibits to the complaint.  However, in order to pursue his claims, Plaintiff must refer to some defendant who personally participated in a constitutional deprivation and set forth those actions that constituted personal participation.   Further, Plaintiff should include allegations addressing: (1) whether his arrest on October 22, 2013, was pursuant to a warrant; (2) whether he attended a probable cause hearing following a warrantless arrest; and/or (3) when he began serving his two-year prison sentence.   With this in mind, Plaintiff shall be granted one opportunity to amend his complaint in this action.

## Disposition

The complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Defendant **MADISON COUNTY JAIL** is **DISMISSED** from this action with prejudice.

Defendant **MADISON COUNTY JAIL MEDICAL STAFF** are **DISMISSED** from this action

without prejudice.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 35 days of the entry of this order (on or before December 23, 2013).  The First Amended Complaint shall state the facts supporting Plaintiff's medical claim with specificity and shall name the individual defendants directly responsible for the alleged constitutional deprivations.  Further, he should state: (1) whether his arrest on October 22, 2013, was pursuant to a warrant; (2) whether he attended a probable cause hearing following a warrantless arrest; and/or (3) when he began serving his two-year prison sentence.

Plaintiff is **ADVISED** that an amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  Thus, the First Amended Complaint must stand on its own, without reference to any other pleading.  Failure to file an amended complaint that conforms with this Order shall result in the dismissal of this action with prejudice.  Such a dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for

leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 18, 2013**

*s/ J. Phil Gilbert*
United States District Judge

9