IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA JARED JONES, #63582, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-01164-JPG |
| | ) |
| DONALD BUNT and BOBBIE UNFRIED, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court for consideration of Plaintiff Joshua Jones' amended complaint (Doc. 6). Plaintiff filed the amended complaint pursuant to 42 U.S.C. § 1983. In it, he claims that two Madison County Sheriff's Department employees, Donald Bunt and Bobbie Unfried, refused to treat his brain hemorrhage. Plaintiff now sues Defendants Bunt and Unfried for denying him medical care (Doc. 6, p. 5). He seeks compensatory damages (Doc. 6, p. 6).

This Court dismissed Plaintiff's original complaint (Doc. 1) without prejudice in an Order dated November 18, 2013 (Doc. 5). Plaintiff was granted leave to file an amended complaint by December 23, 2013. He has done so in a timely manner (Doc. 6).

Accordingly, this case is now before the Court for a preliminary review of the amended complaint. In the amended complaint, Plaintiff alleges that he was a convicted prisoner at the time of the events giving rise to this action and at the time he filed this lawsuit. Accordingly, the Court must review the amended complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of

1

the amended complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). Upon careful review of the amended complaint, the Court finds that Plaintiff has stated a colorable medical needs claim against Defendants Bunt and Unfried as set forth below.

**Amended Complaint**

In August 2013, Plaintiff suffered severe head injuries after being beaten by an unknown individual (Doc. 6, p. 5). He sought treatment at Barnes-Jewish Hospital, where he was diagnosed with a brain hemorrhage. Immediate treatment was recommended. However, after medical staff described the recommended procedure, Plaintiff became scared and left the hospital. He did so against the advice of his care providers.

Plaintiff was convicted of an unspecified offense on October 9, 2013 (Doc. 6, p. 5). He was sentenced to two years of imprisonment in the Illinois Department of Corrections ("IDOC"). Plaintiff was ordered to report for this commitment on October 21, 2013. When he failed to do so, he was arrested on October 22, 2013. Plaintiff has since been held at Madison County Jail ("Jail") in Illinois, where he now faces additional charges for escape.

Upon his arrival at the Jail, Plaintiff informed Defendant Unfried, the Jail's head nurse, and Defendant Bunt, a Jail captain, about his medical condition and the need for prompt treatment (Doc. 6, p. 5). He continued to request treatment, in writing, on a daily basis thereafter. Although the Jail's medical staff ordered Plaintiff's medical records and confirmed his diagnosis, Defendants Unfried and Bunt ignored his requests for treatment. Plaintiff continues to suffer from pain and pressure in his brain.

According to the amended complaint, Barnes-Jewish personnel continue to call Plaintiff's house and urge his family to have Plaintiff treated (Doc. 6, p. 5). They have warned Plaintiff's family that permanent brain damage and even death are possible. Further testing and treatment are necessary. Plaintiff now seeks compensatory damages from Defendants Unfried and Bunt for their failure to treat his condition.

**Discussion**

After fully considering the allegations in the amended complaint, the Court finds that it states a colorable medical needs claim (**Count 1**) against Defendants Unfried and Bunt. As explained in the Court's original dismissal order (Doc. 5, pp. 4-5), different legal standards apply to medical claims of an arrestee (Fourth Amendment), pretrial detainee (Fourteenth Amendment), and prisoner (Eighth Amendment). The allegations in the amended complaint indicate that Plaintiff was a convicted prisoner at all relevant times.

The Eighth Amendment applies to medical claims brought by prisoners.[1] To state a medical claim, a detainee or prisoner must show that (1) he suffered from an objectively serious condition which created a substantial risk of harm, and (2) the defendants were aware of that risk and intentionally disregarded it. *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002).

The allegations in the complaint satisfy the objective prong of this test. A medical need is objectively "serious" if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997).

---

[1] The Seventh Circuit has also "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999)).

Plaintiff's unresolved brain hemorrhage was diagnosed in August 2013. Plaintiff alleges that the condition remains untreated and symptoms persist. These allegations are sufficient to demonstrate an objectively serious medical need at this stage.

The amended complaint also satisfies the subjective component of this test. To establish deliberate indifference, Plaintiff must show that officials "kn[e]w of and disregard[ed] an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834). Plaintiff is not required to establish that the officials "intended or desired the harm that transpired," but to instead show that they "knew of a substantial risk of harm . . . and disregarded it." *Greeno*, 414 F.3d at 653. The amended complaint alleges that both Defendants Unfried and Bunt knew of and disregarded the need for treatment of Plaintiff's brain hemorrhage. Although the Court takes no position regarding the outcome of this claim, Plaintiff shall be allowed to proceed with Count 1 against Defendants Unfried and Bunt at this time.

**Pending Motion**

Plaintiff has filed a motion for recruitment of counsel (Doc. 8), which is hereby **REFERRED** to a United States Magistrate Judge for a decision.

**Disposition**

**IT IS HEREBY ORDERED** that the Clerk of Court shall prepare for **DEFENDANTS UNFRIED** and **BUNT**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the amended complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to

sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the amended complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 8).  Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 29, 2014**

*s/ J. Phil Gilbert*
United States District Judge