IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA JARED JONES, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 13-CV-1164-NJR-DGW |
| DONALD BLUNT and BOBBIE UNFRIED, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER OF DISMISSAL

**ROSENSTENGEL, District Judge:**

This matter is before the Court *sua sponte* for the purpose of docket control regarding a potential substitution for Plaintiff Joshua Jared Jones. Mr. Jones filed this civil rights action in November 2013, pursuant to 42 U.S.C. § 1983, alleging that Donald Bunt and Bobbie Unfried refused to treat his brain hemorrhage while he was in custody at the Madison County Jail (Docs. 1, 6, 9). On December 11, 2014, Defendants filed a Suggestion of Death indicating that Mr. Jones passed away eight days earlier on December 3 (Doc. 27).

Under Federal Rule of Civil Procedure 25(a)(1), if the plaintiff to a lawsuit dies, and the claim is not extinguished at death, a motion for substitution may be made by the decedent's successor or representative. FED. R. CIV. P. 25(a)(1). The motion must be made within ninety days after service of a statement noting the death, otherwise the action by the decedent must be dismissed. *Id.* However, extensions of time are allowed under Rule 6(b). Fed. R. Civ. P. 6(b); s*ee Atkins v. City of Chicago,* 547 F.3d 869, 872 (7th Cir. 2008);

*Russell v. City of Milwaukee,* 338 F.3d 662, 667 (7th Cir. 2003).

Here, the Court ordered Defendants to personally serve the Suggestion of Death on Mr. Jones's next of kin or personal representative (Doc. 28). *See Atkins,* 547 F.3d at 872 ("[N]onparties with a significant financial interest in the case, namely the decedent's successors (if his estate has been distributed) or personal representative (it has not been), should certainly be served.") Pursuant to the Court's instructions, the Suggestion of Death was personally served on Mr. Jones's mother, Nancy Jones, on January 13, 2015, and the ninety-day timeframe to file a motion for substitution or a motion for an extension of time began to run (Docs. 30, 31). FED. R. CIV. P. 25(a)(1); *Atkins v. City of Chicago,* 547 F.3d 869, 873 (7th Cir. 2008). The ninety-day deadline has now expired, and nothing has been filed. Consequently, under Rule 25(a)(1), this matter must be dismissed.

For the foregoing reasons, this case is **DISMISSED with prejudice** pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure. Judgment will enter accordingly and this case will be closed on the Court's docket.

**IT IS SO ORDERED.**

**DATED:** May 12, 2015

                                            **s/ Nancy J. Rosenstengel**
                                            **NANCY J. ROSENSTENGEL**
                                            **United States District Judge**